[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This hotly contested dissolution matter is rendered even more difficult of solution by the fact that the parties are insolvent, despite their ownership of four pieces of real property.
The jurisdictional requirements have been met and the marriage has broken down irretrievably. The marriage is dissolved.
The plaintiff wife is awarded custody of the three minor children and the defendant husband shall have reasonable visitation. To accomplish this, the plaintiff is to be provided with 48 hours advance notice. The plaintiff will deliver and pick up the children.
Child support payments in the amount of $40.00 per week for each of the three minor children, as offered by the defendant, is ordered. This is not an adequate award, but there was no evidence elicited to contradict the defendant's claim as to the state of his small business.
Since the defendant's business will not support it, the health insurance for the plaintiff and the children must be maintained by the plaintiff. The defendant shall be responsible for all uncovered and unreimbursed medical, dental, and related expenses.
In formulating the orders which follow, the court has considered, inter alia, the provisions of 46b-81, 82, and 84 of our statutes.
The court finds that the defendant is the principal cause of the breakdown of the marriage and does not find him to be a credible witness. He is presently in arrears on his child I support, medical payments, and mortgage payments on the residence of the plaintiff and his children. The court feels there is little likelihood that the plaintiff will be able to recover these sums ($5,170.00 at the time of trial) and her requested counsel fees. It is also obvious to the court that if these children are to have a home, it will be through the efforts of the plaintiff mother.
It is therefore ordered that:
1. The plaintiff be awarded all of the defendant's right, title and interest in and to the real properties located at and known as:
98 Sylvan Avenue, New Haven; CT Page 3394 104 Sylvan Avenue, New Haven; 205 Spring Street, New Haven; 214 Rose Street Ext., East Haven.
She shall be responsible for the mortgages encumbering said properties.
2. The plaintiff is awarded all of the furniture, furnishings, appliances, etc. located at the above described properties and including the personalty at the East Haven residence. Excluded from this award is the tools, equipment, furniture and furnishings utilized by the defendant to operate his business but included herein is the TV set and stereo speakers removed from the Rose Street Extension home by the defendant.
3. The defendant shall be liable for the debts he lists in the Schedule B attached to his financial affidavit, and in the Schedule C, business debts, also attached to his affidavit, except that the plaintiff shall be responsible for the capital gains tax due the IRS and the W.E.C. blanket mortgage. The defendant shall also be responsible for the two CNB Visa card balances. Otherwise, the plaintiff shall be responsible for the remaining liabilities on her affidavit.
4. There will be no alimony awarded to either party and each party will be responsible for his or her counsel fees.
ANTHONY V. DeMAYO, Judge